UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4044

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARVIS JORDA SCOTT, a/k/a Jarvis Jarda Scott,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:11-cr-00816-HMH-3)

Submitted:  April 25, 2022                                          Decided:  May 4, 2022

Before DIAZ, RUSHING, and HEYTENS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Erica M. Soderdahl, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellant.  M. Rhett Dehart, Acting United States Attorney, E. Addison Gantt, Attorney Advisor, Office of Legal Education, Executive Office for United States Attorneys, UNITED STATES DEPARTMENT OF JUSTICE, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Jorda Scott appeals from the revocation of his supervised release and the resulting 24-month sentence of imprisonment. Scott contends that his sentence is procedurally and substantively unreasonable. Because the district court did not adequately explain Scott's sentence using permissible sentencing factors, we vacate and remand for resentencing.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (cleaned up). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to

2

revocation sentences). "[T]he court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b), p.s. (2018). A district court may not base its revocation sentence on the factors enumerated in § 3553(a)(2)(A), which include "the need for the imposed sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *United States v. Webb*, 738 F.3d 638, 641-42 (4th Cir. 2013) (internal quotation marks omitted). Although mere mention of these factors will not "automatically render a revocation sentence unreasonable[,]" a district court commits procedural error if its sentencing decision relies "predominately" on these factors. *Id.* at 642.

Scott first argues that the district court procedurally erred by failing to sufficiently address his nonfrivolous mitigation arguments in support of a lower sentence. We disagree. The sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," but "it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted). We have reviewed the record and conclude that the court's explanation of the sentence is adequate to permit appellate review. While Scott argues that the court should have more thoroughly addressed his mitigation arguments, we "will not vacate a sentence simply because the court did not spell out what the context of its explanation made patently obvious: namely, that a [term of home confinement] was

3

inappropriate under the circumstances." *United States v. Lester*, 985 F.3d 377, 386 (4th Cir. 2021) (cleaned up) (in context of original criminal sentencing).

Scott also contends that the district court's sentence was procedurally unreasonable because the court failed to adequately explain its sentence using permissible sentencing factors. Specifically, Scott alleges that the court erroneously relied on the seriousness of his conduct and the need for just punishment in sentencing him. Because Scott did not raise this claim before the district court, we review it only for plain error. To establish plain error, Scott "must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). Even if a defendant makes this showing, we will not recognize the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Webb*, 738 F.3d at 641 (cleaned up).

We have reviewed the record and conclude that the district court committed procedural error in sentencing Scott. Before pronouncing the sentence, the court repeatedly invoked the egregious conduct underlying Scott's state domestic violence offense and the short state statutory maximum penalty associated with that offense, and stated that the court was "for punishing people who break the law and batter people," suggesting that the court inappropriately relied on the seriousness of Scott's offense and the need to provide just punishment for his conduct. But providing just punishment is not a proper basis upon which to impose a revocation sentence. Scott's sentence is therefore procedurally unreasonable because the court's explanation relied predominantly on impermissible factors. *See id.* at 642. Further, given our prior recognition that a sentencing court must

4

base its decision on permissible factors, we conclude that the district court's sentence was plainly unreasonable. *See Slappy*, 872 F.3d at 210. The record also supports Scott's contention that his sentence may have been improperly increased on the basis of the court's error. The sentencing error therefore affected Scott's substantial rights, and we exercise our discretion to recognize the error.

Accordingly, we vacate Scott's sentence and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. The mandate shall issue forthwith.

*VACATED AND REMANDED*

---

[*] Because we vacate for procedural unreasonableness, we do not address Scott's substantive reasonableness challenge. *See Slappy*, 872 F.3d at 210.